UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MCGEARY, ELLIOTT                    CASE NO.:

    Plaintiff,

vs.

RECOVERY IN TUNE, LLC,
a Florida Limited Liability Corporation

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ELLIOTT MCGEARY ("Ms. McGeary" or "Plaintiff"), by and through her undersigned counsel, sues the Defendant, RECOVERY IN TUNE, LLC ("RIT" or "Defendant") and alleges the following:

1. Plaintiff brings these claims for sex/pregnancy discrimination and sexual harassment in violation of Title VII ("Title VII"), the Pregnancy Discrimination Act ("PDA"), and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA") to recover from Defendant back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

**JURISDICTION**

2. This Court has original jurisdiction over Plaintiff's claims as they arise under federal law pursuant to Title VII and the PDA, and the actions giving rise to this lawsuit occurred in Broward County, Florida.

3. The Court has supplemental jurisdiction over Plaintiff's FCRA claims

pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's PDA and Title VII claims that it forms part of the same case or controversy.

## CONDITIONS PRECEDENT

4. On or around February 3, 2020, Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

5. The Charge has remained with the EEOC and FCHR for more than one-hundred and eighty (180) days and is now ripe for filing under the FCRA.

6. On or around September 15, 2021, the EEOC determined that there was reasonable cause to believe that Defendant discharged Plaintiff as retaliation for engaging in protected activity in violation of Title VII.

7. On July 1, 2022, the EEOC issued Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within ninety (90) days of her receipt of same.

8. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

## VENUE

9. Venue is proper because Defendant conducts substantial business in Broward County, Florida, and Plaintiff worked for Defendant in Broward County, Florida, where the actions at issue took place.

## PARTIES

10. During all times relevant, Plaintiff lived in Broward County, Florida.

11. Plaintiff is protected by the Title VII, PDA, and FCRA, because:

a. She was a pregnant female who suffered discrimination, and sexual harassment because of her sex/pregnancy by Defendant; and

b. She suffered an adverse employment action and was fired because of her sex, pregnancy, and sexual harassment by Defendant and her objections to sex/pregnancy discrimination and sexual harassment.

12. Defendant was at all material times an "employer" as defined by Title VII, the PDA, and FCRA as it employed in excess of fifteen (15) employees, collectively.

13. Defendant is a Florida Limited Liability Corporation that operates in, among other places, Broward County, Florida.

## GENERAL ALLEGATIONS

14. Ms. McGeary worked as a Behavioral Health Tech Supervisor for RIT from January 2017 until her unlawful and retaliatory termination on January 17, 2020.

15. Ms. McGeary was an exceptional employee, with no significant history of attendance, performance or disciplinary issues.

16. In late July 2019, RIT hired Manager, Robertino Jones ("Mr. Jones"), who shortly thereafter, began making discriminatory sexual remarks regarding Ms. McGeary's pregnancy and sex.

17. Throughout the following months, Mr. Jones made comments about how attractive Ms. McGeary must have been when she was pregnant and stated to her that, "breast feeding turns [Mr. Jones] on."

18. After Plaintiff refused to reciprocate his advances, Mr. Jones demoted Ms. McGeary, and lowered her pay.

19. This quid pro quo scheme constitutes unlawful sexual harassment under

Title VII, the PDA and the FCRA.

20. Mr. Jones' explanation for this demotion/pay cut was "budgetary reasons," but such an excuse is a clear pretext.

21. Around December 2019, Plaintiff objected to RIT Human Resources Representative, Tiffany Quintess ("Ms. Quintess"), and voiced her opposition to Mr. Jones' sexual harassment, and sex/pregnancy discrimination.

22. Ms. McGeary's objections are considered "protected activity" under Title VII, the PDA, and the FCRA.

23. Neither Ms. Quintess, nor any other manager or supervisor employed by RIT ever responded or addressed Ms. McGeary's objections.

24. Instead, after her objections, Mr. Jones began treating Plaintiff coldly and harshly as retaliation for engaging in protected activity.

25. Finally, on January 17, 2020, Mr. Jones took the ultimate retaliatory step and terminated Ms. McGeary in retaliation for her objections.

26. As a reason for termination, Mr. Jones stated that RIT was, "going in a different direction."

27. Again, Mr. Jones' reasoning is pure pretext to avoid liability.

28. It is clear that Defendant terminated Plaintiff as a result of her sex, pregnancy, sexual harassment, and retaliation for objecting to same.

29. The behavior described herein is extreme and actionable as RIT supervisors engaged in grossly unlawful conduct at Plaintiff's expense. It is RIT's responsibility to ensure the safety and wellbeing of its employees. It is unlawful to harass an employee because of the employee's sex, and harassment can include unwanted sexual advances,

abuse, or discrimination. The harasser can be a supervisor, a co-worker, or even a client or customer. Here, distressingly, the harasser was one of Ms. McGeary's supervisors.

30. Defendant's conduct toward Plaintiff is also considered unlawful pregnancy discrimination. *See Byrd v. Lakeshore Hospital*, 30 F.3d 1380, 1382 (11th Cir.1994) ("It is today a settled principle that the [pregnancy laws] are violated when pregnant employees are denied privileges afforded non-pregnant temporarily disabled employees."); *see also Armindo v. Padlocker, Inc.*, 209 F.3d 1319, 1320 (11th Cir.2000) (An employer violates the PDA when it fires an employee based on her pregnancy.).

31. It is clear that Defendant saw Plaintiff's pregnancy, sex, and objections to unlawful discrimination/harassment were seen as problematic and utilized same as a major factor in its decision to terminate her.

32. Plaintiff's firing constitutes an adverse employment action as defined by the PDA, Title VII, and FCRA.

33. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

34. Defendant does not have a non-discriminatory and non-retaliatory rationale for allowing and participating in the harassment and discrimination suffered by Plaintiff.

35. Plaintiff suffered damages, including, but not limited to, lost wages, benefits, compensatory damages, and emotional distress, as a result of Defendant's actions.

36. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**SEX/PREGNANCY DISCRIMINATION IN VIOLATION OF**
**THE PDA AND TITLE VII**

37. Plaintiff realleges and adopts the allegations contained in paragraphs 1-36 as if fully set forth in this Count.

38. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex/pregnancy discrimination under the PDA and Title VII.

39. The discrimination to which Plaintiff was subjected was based solely on her sex/pregnancy.

40. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

41. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

42. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII and the PDA.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages if permitted to be pled, and attorneys' fees and costs.

### COUNT II
### SEX/PREGNANCY DISCRIMINATION IN VIOLATION OF
### THE FLORIDA CIVIL RIGHTS ACT

43. Plaintiff realleges and adopts the allegations contained in paragraphs 1-36 as if fully set forth in this Count.

44. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex/pregnancy discrimination under the Florida Civil Rights Act,

Chapter 760, Florida Statutes.

45. The discrimination to which Plaintiff was subjected was based solely on her sex/pregnancy.

46. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

47. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

48. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages if permitted to be pled, and attorneys' fees and costs.

## COUNT III: SEXUAL HARASSMENT UNDER TITLE VII

49. Plaintiff realleges and adopts the allegations contained in paragraphs 1-36 as if fully set forth in this Count.

50. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual harassment under Title VII of the Civil Rights Act of 1964, as amended. *See* 42 U.S.C. § 2000e *et seq*.

51. The sexual harassment to which Plaintiff was subjected was severe and pervasive, and based upon her being female and pregnant.

52. The conduct of Defendant, its agents, and employees proximately, directly,

and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

54. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

55. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages if permitted to be pled, and attorneys' fees and costs.

### COUNT IV: RETALIATION UNDER TITLE VII BASED ON OBJECTION TO SEXUAL HARASSMENT

56. Plaintiff realleges and adopts the allegations contained in paragraphs 1-36 as if fully set forth in this Count.

57. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sexual harassment under Title VII of the Civil Rights Act of 1964, as amended. *See* 42 U.S.C. § 2000e *et seq*.

58. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal sexual harassment to which she was being subjected.

59. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 29th of September, 2022.

>By: /s/ *NOAH STORCH*
>Noah Storch, Esq.
>Florida Bar No. 0085476
>RICHARD CELLER LEGAL, P.A.
>7450 Griffin Road, Suite 230
>Davie, Florida 33314
>Telephone: (866) 344-9243
>Facsimile: (954) 337-2771
>E-mail: noah@floridaovertimelawyer.com
>*Attorney for the Plaintiff*